UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 26-cv-21960-JB

ROBERTO JOSE TORRES-
FLORES,

      Petitioner,

v.

FIELD OFFICE DIRECTOR,
Miami Field Office,
U.S. Immigration and Customs Enforcement,
*et al.*,

      Respondents.

_____/

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Roberto Jose Torres-Flores's *pro se* Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondents filed a Return Opposing Petition for Writ of Habeas Corpus and Petitioner filed a Traverse. ECF Nos. [7]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, the Petition is **GRANTED IN PART**.

## I. BACKGROUND

Petitioner is a Cuban citizen who first entered the United States near San Luis, Arizona, on March 27, 2022. ECF No. [7-9] ¶ 7. At the time of his initial encounter with Customs and Border Protection ("CBP"), CBP paroled Petitioner

1

pursuant to 8 U.S.C. § 1185(d)(5). *Id.* ¶9. Petitioner's parole expired on April 12, 2022. *Id.* ¶10.

According to the Declaration of Deportation Officer Luz E. Oliden, on September 14, 2023, United States Immigration and Customs Enforcement ("ICE") was informed that Petitioner had been arrested in Miami Dade County for violating a protective injunction, having no valid driver's license, and possession of marijuana of twenty grams or less. ECF No. [7-9] ¶12. On September 16, 2023, the Department of Homeland Security ("DHS") issued a Notice to Appear ("NTA"), charging Petitioner with inadmissibility under section 212(a)(7)(A)(i) of the Immigration and Nationality Act ("INA") as "an alien present in the United States who has not been admitted or paroled," and thereby initiated removal proceedings against Petitioner under 8 U.S.C. § 1229(a). ECF No. [7-3]. On September 26, 2023, DHS lodged an additional charge of inadmissibility against Petitioner under section 212(a)(6)(A)(i)(I) of the INA. ECF No. [7-4]. On September 17, 2023, Petitioner was transferred to ICE custody. ECF No. [7-9] ¶13.

On October 17, 2023, Petitioner appeared before an Executive Office for Immigration Review ("EOIR") immigration judge ("IJ") for a custody redetermination proceeding. ECF No. [7-5]. The IJ denied Petitioner's request for a change in custody. *Id.* Petitioner appeared before an EOIR IJ again on January 25, 2024, where the IJ granted Petitioner's release from custody on an $8,000 bond. ECF No. [7-6]. Petitioner was released on January 26, 2024, after posting bond. ECF No. [7-9] ¶21.

On March 26, 2024, Petitioner filed a Form I-485 to adjust his status. *Id.* ¶22. The application remains pending. *Id.*

On August 12, 2025, Petitioner was found guilty of resisting arrest without violence and of driving while his driver's license was suspended, revoked, or canceled. *Id.* ¶25. Petitioner complied with probation requirements and appeared at his probation office on February 24, 2026, where he was picked up and arrested by ICE. ECF No. [1] at 4. Petitioner is currently being held at the Krome Service Processing Center in Miami, Florida ("Krome"). ECF No. [7-2].

On March 19, 2026, Petitioner filed the instant Petition. ECF No. [1]. Petitioner raises three arguments. First, Petitioner argues that his detention violates substantive due process because it is excessive or unrelated to legitimate immigration purpose. ECF No. [1] at 5. Next, Petitioner argues that he is not a flight risk or danger to the community and has demonstrated his compliance with court ordered obligations in the past. *Id.* Lastly, Petitioner argues that he should have a bond hearing as he has been granted in the past to determine the necessity of his detention. *Id.* at 5–6. Petitioner asks the Court to order his immediate release from ICE custody, or in the alternative, order a prompt bond hearing before an IJ. *Id.* at 6.

Respondents filed its Response to the Petition. ECF No. [7]. The Response offered only a "truncated" memorandum of law, arguing that Petitioner is subject to detention under Section 1225(b)(2) because he was encountered in the United States without being admitted or paroled, and remains an "applicant for admission" subject to mandatory detention. *Id.* at 4. Respondents recognize that "Judges in this District

3

have reached the opposite conclusion," and have consistently held that detainees such as Petitioner are not subject to mandatory detention. *Id.* at 5.

## II.   ANALYSIS

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### A. Legality of Petitioner's Mandatory Detention

Respondents contend that Petitioner's entry into the United States without inspection or admission renders him an "applicant for admission" under 8 U.S.C. section 1225(b)(2)(A), making him subject to mandatory detention and ineligible for a bond hearing, as opposed to 8 U.S.C. section 1226(a). ECF No. [7] at 4–6. The Court examines each of these statutes in turn.

#### i.   8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq*. Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country

4

consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[1]  To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.*  Such noncitizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1).  However, if the noncitizen expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii).  If the immigration officer finds a "credible fear," the noncitizen "shall be detained for further consideration of the application for asylum." *Id.*  Respondents concede that Petitioner is "not subject to detention under 8 U.S.C. § 1225(b)(1)." ECF No. [7] at 12.

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287.  Noncitizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country.  8 U.S.C. § 1225(b)(2)(A).  Importantly, detention under § 1225(b)(2) is

---

[1] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes.  Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas section 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii. 8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. Importantly for purposes of the instant action, "[f]ederal regulations provide that aliens detained under [section] 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see also Lopez Benitez v. Francis*, No. 25-Civ-5937, 2025 WL 2371588, at *13 (S.D.N.Y. Aug. 13, 2025) ("To be sure, a noncitizen detained under [section] 1226(a) is undoubtedly entitled to a bond hearing before an immigration judge.").

### iii. Petitioner's Detention Is Governed By 8 U.S.C. § 1226(a), Not 8 U.S.C. § 1225(b)(2)

The question of whether section 1225(b)(2) or section 1226(a) governs Petitioner's detention is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) (noting that the interplay of these two sections is a matter "of statutory interpretation belong[ing] historically within the province of the

courts.") (citing *Loper Bright Enter. v. Raimondo,* 603 U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at \*5 (D. Me. Sept. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *see Gomes,* 2025 WL 1869299, at \*8 n.9 ("Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at \*7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

DHS has proceeded under section 1226.  Specifically, the NTA that DHS issued to Petitioner did not classify him as an "arriving alien."  ECF No. [7-3].  Instead, the NTA charged him as "present in the United States without admission or parole."  *Id.* This classification places him squarely within section 1226.  *See e.g., Pizarro Reyes*, 2025 WL 2609425, at \*8 (emphasizing ICE's selection of "present" rather than "arriving" on the NTA as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, \*8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at \*2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

In addition, "[w]hereas [section] 1225 governs removal proceedings for 'arriving aliens,' [section] 1226(a) serves as a catchall." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *5 (E.D. Mich. Sept. 9, 2025). As the Supreme Court stated in *Jennings*, section 1226 "creates a default rule" that "applies to aliens already present in the United States." *Jennings*, 583 U.S. at 303. The inclusion of a "catchall" provision in section 1226, particularly following the more specific provision in section 1225, is "likely no coincidence, but rather a way for Congress to capture noncitizens who fall outside of the specified categories." *Pizarro Reyes*, 2025 WL 2609425, at *5; *see also Barrera*, v. *Tindall*, No. 3:25-cv-541, 2025 WL 2690565, at *4 (W.D. Ky. Sept. 19, 2025) (citation omitted). The circumstances surrounding Petitioner's detention align with section 1226(a), not section 1225(b)(2). Indeed, other Courts in this Circuit and District have uniformly rejected Respondents' expansive interpretation of section 1225. *See, e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, ECF No. [41], (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL

8

2732717, at *2 (M.D. Fla. Sept. 25, 2025); *Alvarez v. Morris*, 25-cv-24806, ECF No. [6], (S.D. Fla. Oct. 27, 2024) (collecting cases).

The Court recognizes that this issue is currently before the Eleventh Circuit Court of Appeals in *Hernandez-Alvarez v. Warden, Federal Detention Center Miami, et al.* and *Cerro Perez v. Assistant Field Office Director, et al.*, and that the Fifth Circuit Court of Appeals in *Buenrostro-Mendez v. Bondi, et al.* recently issued a decision in Respondents' favor. *See* No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026). However, the *Buenrostro-Mendez* decision is not controlling on this Court, and the Eleventh Circuit has not ruled on the matter. As such, there is no binding authority that contravenes the previous decisions of this Court. Indeed, the overwhelming weight of authority has consistently held that detainees such as Petitioner are entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

Petitioner's detention is governed by section 1226(a) and, therefore, he is entitled to an individualized bond hearing before an IJ. As such, Petitioner's mandatory detention under section 1225(b) without conducting a dangerousness and risk of flight determination rests on an incorrect statutory interpretation and contravenes the INA. Accordingly, Petitioner is entitled to relief thereon.

The Court declines to reach the remaining issues raised in the Petition, as it is granting the bond hearing that Petitioner seeks.

## III.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.      Petitioner Roberto Jose Torres-Flores' Verified Petition for Writ of Habeas Corpus, ECF No. [1], is **GRANTED IN PART**. The Court has determined that Petitioner falls under 8 U.S.C. § 1226(a), and accordingly, Respondents shall promptly afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or otherwise release Petitioner.

2.      Respondents shall, within 24 hours of the bond hearing, file a Status Report indicating the outcome of the bond hearing and, if release on bond is denied, the reason(s) for the denial.

3.      The remaining requests for relief in the Petition are **DISMISSED WITHOUT PREJUDICE**.

4.      The   Clerk   is   directed   to   **CLOSE**   this   case.

**DONE AND ORDERED** in Chambers at Miami, Florida this 20th day of April, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**

10